SOLOMON STEINBERG, Appellant, v. CHARLES S. KINTZING, Respondent.

*Contract—Sale.*—Defendant sold tobacco to plaintiff, to be paid for in cash on delivery.   Plaintiff not having the money, the time of payment was by agreement extended for ten days.   The money not being paid within that time, defendant resold the tobacco.   *Held,* that the plaintiff had no cause of action.

*Appeal from St. Louis Circuit Court.*

*R. L. Farnsworth,* for appellant.

*Lackland, Cline & Jamison,* for respondent.

I.  There was no error in the action of the court below. The case was submitted to the court on the evidence without any instructions being asked or given, and the court on the weight of evidence found for the defendant, and this court will not review as to the weight of evidence.

II.  The contract upon which the plaintiff relies was within the statute of frauds, and the memorandum offered in evidence was not sufficient to bind the defendant, nor had any act been done to take the contract out of the statute—Bro. on Fr. §§ 356-7 ; Sto. on Sales, §§ 403, 276, 278, 280 ; Hill. on Sales, p. 37, § 4.

Steinberg v. Kintzing.

FAGG, Judge, delivered the opinion of the court.

The simple question in this case being whether it is within the statute of frauds or not, it requires but a brief consideration. The following memorandum is relied upon by the appellant as sufficient for the purpose of taking it out of the statute, viz. :

"St. Louis, Mo., June 30, 1864. Mr. S. Steinberg— Bought of Chas. S. Kintzing, wholesale grocer, No. 54, corner of Vine and Olive streets—66 bbls. $^{50}$ St. Louis Mild Tobacco, 90 lbs. ea.=5,940, at 15 cts. =$924. Free of storage for 30 days."

M. A. Lindsley testified that he made the contract of sale with the plaintiff Steinberg, and delivered to him the bill so made out, expecting the money to be paid at the time ; that the money was not paid, nor any part of it, and no portion of the tobacco delivered ; that to his surprise he was informed by the plaintiff that he did not have the money, and desired an extension of time for ten days to enable him to go to the city of Memphis, his principal place of business, and remit the amount to the defendant—the tobacco in the meantime to remain in possession of the defendant, and to be delivered on the request of the plaintiff. The money was not sent within the time limited, and on the 15th or 16th of July following the tobacco was resold, having considerably advanced in price during the time.

On the 23d.of July plaintiff by his agent offered to pay the price of the tobacco and requested its delivery.

All of the facts and circumstances must be taken together. The bill made out by the agent is to be interpreted by his explanation of the facts. Upon the case thus presented there was no error in the Circuit Court in finding for the defendant and entering up judgment accordingly.

The other judges concurring, the judgment of the court below will be affirmed.